UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN J. MOCIULEWSKI**, | ) | |
| | ) | |
| Plaintiff, | ) | **No: 16 CV 10553** |
| | ) | |
| vs. | ) | |
| | ) | |
| **AMERICOLD LOGISTICS, LLC.,** | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT
AS AND FOR A FIRST CAUSE OF ACTION
(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)**

**NATURE OF ACTION**

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability (handicap) and to make whole **JOHN J. MOCIULEWSKI** ("JM"). Defendant, **AMERICOLD LOGISTICS, LLC.,** ("AL") discriminated against JM, a qualified individual with a handicap, because of his disability.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(A) . The employment practices

hereafter alleged to be unlawful were being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

3. JM is an adult male person with a disability of Hypokalemic Periodic Paralysis Issues and a resident of Elgin, Kane County, Illinois.

4. JM was an employee of AL from February 25, 2013, until his termination June of 2016, and was employed as a Manager in Business Development.

5. That AL is a corporation organized under the laws of the State of Delaware and is doing business in Illinois with over five hundred (500) employees.

6. At all times material herein and hereinafter mentioned AL Corporation has engaged in and employed its employees in commerce and in services for commerce between points in many states. AL was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADA.

7. AL is an employer within the meaning of the ADA and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. At all times relevant, AL, has been a foreign corporation doing business in Illinois, and other surrounding States, and has continuously had and, now has at over five hundred (500) employees.

9. Despite AL listing itself as an equal employment company and having a policy against discrimination to the disabled, AL intentionally discriminated against JM by subjecting JM to different terms and conditions of employment by reducing his cliental making it

more difficult to make his quota's because of his handicap and/or disability, violates his rights under the American Disability Act.

10. AL's acts and omissions violate applicable provisions of the American Disability Act.

11. The discriminatory action of AL as set forth above has caused JM to be harmed in that JM has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, JM has suffered such damages in an amount according to proof.

12. JM has no adequate remedy at law to secure relief. If this court does not enter an order for AL to reinstate JM and to enjoin the wrongful treatment suffered by JM will be irreparably injured.

13. JM filed a discrimination charge against the Equal Employment Opportunity Commission (Exhibit "A") and thereafter was issued a "Right to Sue letter" which is dated August 18, 2016. (See Exhibit "B"). This charge has timely filed with the Northern District of Illinois.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

    1. Injunctive relief, including reinstatement;

    2. Damages, according to the proofs;

    3. Statutory liquidated damages due to the defendant's willful conduct;

    4. Attorneys' fees and costs incurred in this action

    5. Such other relief as is just and equitable.

    6. The plaintiff requests a jury trial of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(AGE DISCRIMINATION IN VIOLATION TO THE ADEA)**

14. JM repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**JURISDICTION AND VENUE**

15. JM brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

16. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

17. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**STATEMENT OF FACT**

18. JM was born on February 14, xxxx, and falls within the group protected by the ADEA.

19. At all times material herein and hereinafter mentioned, AL has engaged in and employed its employees in commerce. AL was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

20. AL is an employer within the meaning of the ADEA.

21. Beginning in June of 2016, JM's deliberately and knowingly terminated JM and replaced him with a younger employee under 40 years of age.

22. JM had reached 63 years of age during the relevant times.

23. As a result of AL's actions, the JM terms and condition of his employment and employment benefits were effected.

24. AL's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, JM prays for judgment as follows:

1. Declare the conduct engaged in by AL to be in violation of JM's rights;

2. For injunctive relief, including but not limited to relief required to reinstate and make JM whole for any losses caused by the violations of AL;

3. For compensatory damages in an amount according to proof;

4. For punitive damages based upon the wrongful conduct of AL

5. For costs of suit, including reasonable attorney's fees and expert fees; and

6. For such other and further relief as the court deems proper.

JOHN J. MOCIULEWSKI

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626